## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LIONEL SORRELLS,**

        **Defendant-Petitioner,**

                                    **Civil Case No. 05-70232**
                                    **Criminal Case No. 02-80810**

**v.**

                                  **HONORABLE DENISE PAGE HOOD**

**UNITED STATES OF AMERICA,**

        **Plaintiff-Respondent.**

_____/

### MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S
### MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

**I.**     **INTRODUCTION**

On February 13, 2003, Petitioner pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and discharge of a firearm during the subsequent police chase, in violation of 18 U.S.C. § 924(c). On November 20, 2003, the Court sentenced Petitioner to a 188-month term of incarceration for the bank robbery and 120 months for discharging the firearm. Petitioner did not file a direct appeal.

This matter is currently before the Court on Petitioner's Motion to Vacate Conviction Under 28 U.S.C. § 2255, filed January 24, 2005. Petitioner claims ineffective assistance of counsel resulted in a denial of due process. Petitioner further alleges his Sixth Amendment trial by jury right was violated because of facts used in connection with his sentencing. On March 18, 2005, Petitioner filed a Motion to Amend his Petition to add a claim that his sentences should be concurrent and an additional instance of allegedly ineffective assistance of counsel.

For the reasons set forth below, the Court finds Petitioner's arguments do not support

vacating his sentence.

## II.    STANDARD OF REVIEW

### A.    Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised by a motion under 28 U.S.C. § 2255. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue."); *Massaro v. United States*, 538 U.S. 500 (2003). Petitioner's claim of ineffective assistance of counsel was appropriately brought by filing the Motion presently before the Court under § 2255. *United States v. Galloway,* 316 F.3d 624, 634 (6th Cir. 2003).

The Supreme Court set out the standards by which to judge an ineffective assistance of counsel claim in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Petitioner must show that trial counsel's performance was deficient. *Id.* at 687. Under the first prong, the standard for attorney performance is "reasonably effective assistance." *Id.* Petitioner must show that trial counsel's representation fell below an objective standard of reasonableness; the inquiry must focus on "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 689; *see also, Campbell v. Coyle,* 260 F.3d 531, 551 (6th Cir. 2001). The *Strickland* Court cautioned that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* At 689, *citing, Michel v. Louisiana,* 350 U.S. 91, 101 (1955). Second, Petitioner must show that the deficient performance prejudiced the defense, which, but for the deficiency, the outcome of the

proceedings would have been different.  *Strickland,* 466 U.S. at 694.

###### B.      The Right to a Trial by Jury

On January 12, 2005, the Supreme Court issued a landmark opinion concerning the United States Sentencing Guidelines.  *United States v. Booker*, 125 S.Ct. 738 (2005).  The Court addressed whether the Sixth Amendment's guarantee of a right to a trial by jury is violated when enhanced sentences are imposed upon the sentencing judge's determination of a fact that was not found by the jury nor admitted by the defendant.  Answering in the affirmative, the Court opined that the Sentencing Guidelines are "advisory," and that any fact necessary to support a sentence "exceeding the maximum authorized by the facts" established by a guilty plea or a jury verdict must be either "admitted by the defendant," or "proved to a jury beyond a reasonable doubt."  The Court did not hold the entire Sentencing Guidelines framework unconstitutional.

Given the above, the Court's next task was to determine the remedy for its holding.  In answering this question, the Court held that most of the provisions of the Sentencing Guidelines are still valid.  *See, e.g.,* 18 U.S.C. § 3551 (authorizing sentences as probation, fine, or imprisonment); 18 U.S.C. § 3552 (providing for the preparation of presentence reports); 18 U.S.C. § 3554 (forfeiture); 18 U.S.C. § 3555 (notification to victims); 18 U.S.C. § 3583 (supervised release).  However, *Booker* did excise two sections of the Sentencing Guidelines.  *See* 18 U.S.C. §§ 3553(b)(1) and 3742(e).  Section 3553(b)(1) provided the sentencing judge with an enhancement provision allowing for a finding of aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the Sentencing Guidelines.  The Supreme Court cautioned that it did not "believe that every sentence gives rise to a Sixth Amendment violation.  Nor . . . that every appeal will lead to a new sentencing hearing.  That is because we expect reviewing courts to

3

apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain error' test." *Booker*, 125 S.Ct. at 767.

## III.    APPLICABLE LAW & ANALYSIS

### A.    Ineffective Assistance of Counsel

The Court finds Petitioner cannot satisfy the second prong of the *Strickland* analysis. Consideration of the first requirement is accordingly unnecessary. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). Petitioner is required to show that his trial counsel's errors actually prejudiced his defense. The requisite showing is that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner bears this burden. *Id.* It is:

> [N]ot enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome determines the reliability of the result of the proceeding.

*Strickland*, 466 U.S. at 693. What Petitioner must do, in accordance with *Strickland*, is "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner cannot meet this burden in this instance. Petitioner's original counsel, John Belanger, is the focus of Petitioner's ineffective assistance claim. As part of the plea agreement negotiated by Belanger, Petitioner stipulated to committing certain uncharged offenses and being a career offender. Petitioner now claims he did not in fact commit these other offenses and that they were inappropriately used to calculate his sentence.

Petitioner does not refute his numerous admissions to the other offenses. Petitioner's

4

admissions came during his plea, grand jury testimony, and while in the Government's custody. Moreover, Section 1B1.2(c) of the United States Sentencing Guidelines specifically allows the Government to avoid returning a separate indictment and entering a separate plea for each charge if the defendant agrees to be sentenced as if he were convicted of the other crimes. Petitioner agreed to such a course of action, and he cannot challenge it now under the guise of ineffective assistance of counsel.

The Court also notes that after Petitioner requested new counsel, and prior to pleading guilty, the Court appointed Martin Beres as counsel. Beres recommended Petitioner plead guilty using the same plea agreement negotiated by Belanger. Petitioner does not, however, assert Beres rendered ineffective assistance of counsel. The Court denies Petitioner's ineffective assistance of counsel claim.

### B.    Trial by Jury

The Supreme Court made it expressly clear that *Booker* only applies when the relevant conduct has not been found by a jury or admitted to by the defendant. *Booker*, 125 S.Ct. at 756. In this instance, Petitioner pled guilty to two offenses. The Court utilized only the information admitted by Petitioner in his plea agreement and plea colloquy in fashioning a sentence. *Booker* is therefore inapplicable and the Court finds Petitioner has not asserted a viable Sixth Amendment violation.

### C.    Motion to Amend

Petitioner filed a Motion to Amend his Section 2255 Motion on March 18, 2005. The Motion to Amend seeks to add several additional bases for vacating Petitioner's sentence. First, Petitioner asserts his sentences should run concurrently. Second, Petitioner wishes the Court to

5

consider another instance of allegedly ineffective assistance of counsel.

Though Petitioner styles his Motion as one for amendment, it raises new and independent issues for the Court to consider. To be properly before the Court, Petitioner was required to submit all claims within the one year statute of limitations under 28 U.S.C. § 2255. Petitioner's conviction became final in January, 2004, making his original Section 2255 Motion timely. His Motion to Amend was filed in March, 2005, well after the one year statute of limitations had run.

The Court notes that the additional allegations contained in Petitioner's Motion to Amend would not provide a proper basis for granting his Section 2255 Motion, had they been timely in the first place. Regarding the possibility of Petitioner's sentences running concurrently, the United States Code makes it expressly clear that such action is not permissible. With respect to Count II, using, carrying, brandishing, or discharging a firearm during a crime of violence, "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person." 18 U.S.C. § 924(c)(1)(D)(ii). Petitioner's additional ineffective assistance of counsel claim relates to his 10 year sentence under Section 924. The Court finds his sentence was in accord with his plea agreement. There is no valid basis for challenging the 10 year sentence.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Petitioner's Motion to Vacate, Set Aside, or Correct Sentence and Motion to Amend.

Accordingly,

IT IS ORDERED that Petitioner's Motion to Vacate Conviction Under 28 U.S.C. § 2255 **[Docket No. 87, filed January 24, 2005]** is DENIED.

6

IT IS FURTHER ORDERED that Petitioner's Motion to Amend 2255 Motion **[Docket No. 95, filed March 18, 2005]** is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED.


      /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   July 25, 2005