**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

 Plaintiff-Respondent,       Criminal Case No. 02-80810

v.

                   HON. DENISE PAGE HOOD

LIONEL SORRELLS (D-3),

 Defendant-Petitioner.
_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT SENTENCE [#119]
## and
## ORDER DENYING CERTIFICATE OF APPEALABILITY

**I. BACKGROUND**

On September 5, 2002, Defendant Lionel Sorrells ("Sorrells") was charged in an Indictment with Bank Robbery, Aiding and Abetting (Count One); and Using, Carrying, Brandishing and Discharging a Firearm During a Crime of Violence, Aiding and Abetting (Count Two). (Doc # 1) On February 13, 2003, Sorrells pled guilty to both counts pursuant to a Rule 11 plea agreement, in which he also admitted to having committed additional offenses and agreed to be sentenced as if he had been formally convicted of them. (Doc # 48) Sorrells was a career offender, which gave him an offense level of 29 including a three level

reduction for acceptance of responsibility. Sorrells's criminal history category was V, and elevated to criminal history category VI as a career offender.

The Court imposed a Judgment on November 20, 2003 and sentenced Sorrells to be imprisoned for 188 months on Count One and 120 months on Count Two, the sentence on Count Two to run consecutive to the sentence on Count One. (Doc # 74) The Court sentenced Sorrells to supervised release for a term of three years. The Court also ordered Defendant to pay $72,372.00 in restitution. Sorrells did not file an appeal in this matter.

On January 24, 2005, Sorrells filed his first motion under 28 U.S.C § 2255 (Doc # 87), which this Court denied on the merits. (Doc # 110) Sorrells did not appeal. On June 24, 2016, Sorrells filed the instant Motion, which this Court construed as a second or successive Section 2255 motion and transferred to the Sixth Circuit. (Doc # 119) On February 3, 2017, the Sixth Circuit authorized the filing of Sorrells's second or successive Section 2255 motion, reasoning that there was at least "a fair-minded argument that *Johnson* requires the invalidation of the career-offender guideline's residual clause in cases on collateral review." (Doc # 132) (quotations and citations omitted).[1] The Sixth Circuit remanded the case to this Court with instructions that the case be held in abeyance pending the Supreme

---

[1] It is noted that Sorrells did not file a separate action under 28 U.S.C. § 2255.

Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (Doc # 132). On March 6, 2017, the United States Supreme Court issued an opinion in *Beckles*. On March 22, 2017, the Court lifted the stay. (Doc # 134) The Government filed a Response on June 19, 2017.² (Doc # 139) Sorrells filed a Reply on July 17, 2017.

## II. ANALYSIS

### A. Standard of Review

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). In order to prevail on a Section 2255 motion, the movant must show: "(1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

### B. *Johnson*'s Application to the Sentencing Guidelines

The instant Motion asks this Court to "deal with any *Johnson* issues" Sorrells may have in his case. *Johnson v. United States*, 135 S. Ct. 2551 (2015), to which Sorrells refers, is a Supreme Court case that invalidated the residual clause in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) ("ACCA"), on vagueness grounds. *Id.* at 2557. The instant Motion was stayed by the Sixth

---
² The Court ordered the Government to file a response by May 5, 2017. (Doc # 134) Sorrells correctly notes in his Reply that the Government's Response was not timely filed. The Government should have filed a motion for extension of time to respond.

Circuit pending a decision in *Beckles* to determine whether the residual clause in the career-offender provision of the advisory federal Sentencing Guidelines, U.S.S.G. § 4B1.2(a), was also unconstitutionally vague.

The Supreme Court held in *Beckles* that the residual clause of the Sentencing Guidelines is not void for unconstitutional vagueness: "…the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Beckles*, 137 S. Ct. at 892.

Under *Beckles*, Sorrells's career offender status and increased guideline range under the residual clause in Section § 4B1.2(a)(2) are valid.

The Court further notes that the Government correctly points out that Sorrells has prior convictions for a crime of violence (a 1992 conviction for attempted murder and aggravated battery with a firearm) and a controlled substance offense (a 1999 conviction for delivery of a controlled substance under 50 grams), which would have triggered the career offender guidelines without relying on the the residual clause in Section § 4B1.2(a)(2).

**C.     Summary**

Based on the above analysis, and in light of *Beckles* and Sorrells's prior convictions, the Court finds that Sorrells failed to show that he is entitled to resentencing based on retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Sorrells is not entitled to relief under 28 U.S.C. § 2255.

III. CERTIFICATE OF ABEALABILITY

Rule 22 of the Federal Rules of Civil Procedure provides that an appeal may not proceed unless a certificate is issued under 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the argument raised by Sorrells in the instant Section 2255 Motion is without merit.

IV. CONLCUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Lionel Sorrells's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **[Criminal Case No. 02-80810, Doc # 119, filed June 24, 2016]** is **DENIED.**

IT IS FURHTER ORDERED that a certificate of appealability is not issued in this case.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager